[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16523
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-80312-CV-KLR

MORRIS KENT THOMPSON,

Plaintiff-Appellant,

versus

UNITED STATES MARINE CORP,
Department of the Navy, Headquarters,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2010)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Morris Kent Thompson, proceeding *pro se*, appeals the denial of his motion

to reopen the case he brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") against the Department of the Navy ("Navy"). The district court previously had dismissed his complaint without prejudice because Thompson had failed to alleged that he exhausted all administrative remedies. On appeal, Thompson argues that he is entitled to relief under FOIA because he exhausted his administrative remedies before filing the motion to reopen his case. Since a party seeking information under FOIA must exhaust all administrative remedies before seeking redress in the federal courts, and in view of the fact that Thompson is free to file a new complaint, we conclude that the district court did not abuse its discretion in denying his motion. Therefore, we affirm the decision below.

*Background*

In March 2008, Thompson filed a civil action under FOIA, 5 U.S.C. § 552, naming the Navy as the defendant and alleging that the U.S. Department of Justice and the Navy had investigated him without his knowledge. He requested that the district court require the Navy to inform him why his military records were requested and who authorized them to be released from storage. He also attached five documents purporting to demonstrate his failed attempts to obtain information from the federal agencies.

In his Report and Recommendation, the magistrate judge recommended that

2

the district court dismiss Thompson's complaint for lack of subject matter jurisdiction because Thompson had failed to exhaust administrative remedies before filing his FOIA complaint. The magistrate judge noted that although the Navy notified Thompson of his right to appeal its response to his FOIA request, Thompson did not allege in his complaint that he ever pursued the appeal. Thus, the magistrate judge concluded that Thompson had not exhausted his administrative remedies as is required by FOIA.

In June 2008, the district court adopted the magistrate's Report and Recommendation and dismissed Thompson's complaint "for lack of subject matter jurisdiction." When Thomas later moved to include documents showing that he had exhausted administrative remedies, the district court denied his motion, noting that Thompson could "refile the action provided that he allege[] exhaustion of administrative remedies." In September 2009, Thompson filed a "motion to open a closed case," stating that he had exhausted all of his administrative remedies since the dismissal of his original complaint and requesting that the court allow him a jury trial to obtain "redress, damages, and potential criminal charges." The district court denied the motion without explanation. Thomas subsequently filed a "motion for clarification," again requesting the court to grant his motion to open a closed case, and asking for clarification as to why the court did not rule on his

motion to proceed *in forma pauperis*. The district court denied the motion, noting that because Thompson had appealed the dismissal of his 2008 complaint but had not prosecuted his appeal, and because the Supreme Court had denied *certiorari* in the matter, the case was closed to further proceedings.

On appeal, Thompson argues that the Navy's investigation of him violated his due process and equal protection rights, and requests that this court require the federal agencies to divulge the identities of the individuals investigating him and explain the purpose of that investigation. The Navy has not filed a response brief.

*Discussion*

Thompson's "motion to open a closed case" is properly construed as a request for relief from judgment made under Fed. R. Civ. P. 60(b). We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *See, e.g.*, *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842-43 (11th Cir. 2008). An appeal of a ruling on a Rule 60(b) motion is "narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Am. Bankers Ins. Co. v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 2009) (citation omitted). Therefore, in ruling upon the district court's decision to deny Thompson's motion to reopen his case, we will not consider the merits of his

4

claims brought under FOIA.

Absent exceptional circumstances, we decline to consider legal arguments made for the first time on appeal. *See Dean Witters Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984) (noting the few exceptional circumstances under which this court has exercised its discretion to consider new arguments). We will not consider here Thompson's claim that the Navy has violated his due process and equal protection rights; because Thompson's original complaint was dismissed without prejudice, he is free to present any allegations of constitutional violations in a new complaint.

FOIA requires a federal agency, upon a request for records that reasonably describes documents held by that agency, to make those documents promptly available to any individual unless the information within the records is protected from disclosure by a statutory exemption. *See* 5 U.S.C. § 552a(d)(1). A plaintiff may bring in federal court a private cause of action under FOIA to enjoin a federal agency that has improperly withheld records. *See id.* § 552(g)(1). However, as this court made clear in *Taylor v. Appleton*, "FOIA clearly requires a party to exhaust all administrative remedies *before* seeking redress in the federal courts." 30 F.3d 1365, 1367 (1994) (emphasis added).

Under the facts alleged in Thompson's complaint, he "neither actually nor

constructively exhausted his administrative remedies." *See id.* at 1370. Although the Navy notified Thompson of his right to appeal its decision regarding his request made under FOIA, Thompson's complaint does not allege that he ever pursued the appeal. When he became dissatisfied with the Navy's response that it was not the custodian of the documents sought by Thompson, he filed this lawsuit rather than pursue all available administrative remedies. Thus, the district court properly dismissed Thompson's FOIA claim. However, the district court should have dismissed the FOIA claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, rather than for lack of subject matter jurisdiction: Exhaustion of administrative remedies is not a jurisdictional requirement, but "performs a function similar to the judicial doctrine of ripeness by postponing judicial review." *Taylor*, 30 F.3d at 1367 n.3 (citing *Dresser Industries, Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979)).

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a litigant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

*Conclusion*

6

Although we can sympathize with Thompson's attempts to obtain the information he seeks from the federal agencies, we conclude that Thompson must allege that he has exhausted all of his administrative remedies before a federal court may exercise jurisdiction over claims brought under FOIA. Accordingly, we affirm the district court's order denying Thompson's motion to reopen his previously dismissed FOIA complaint, but we note that he may refile his complaint.

**AFFIRMED.**