[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11782
Non-Argument Calendar

_____

D. C. Docket No. 9:10-cv-81233-KLR


MORRIS KENT THOMPSON,

Plaintiff-Appellant,

versus

DEPARTMENT OF THE NAVY, HEADQUARTERS,
UNITED STATES MARINE CORPS,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 27, 2012)

Before WILSON, FAY, and EDMONDSON, Circuit Judges.


PER CURIAM:

Morris Kent Thompson, proceeding pro se, appeals the dismissal of his Freedom of Information Act ("FOIA") complaint brought under 5 U.S.C. § 552 against the Department of the Navy, Headquarters United States Marine Corps ("Navy"), for failure to exhaust administrative remedies. On appeal, Thompson argues that he is entitled to relief because he exhausted his administrative remedies. No reversible error has been shown; we affirm.

In October 2010, Thompson filed a civil action under the FOIA, naming the Navy as the defendant and alleging that the U.S. Department of Justice and the Navy had investigated him without his knowledge.[1] He requested that the district court require the Navy to inform him why his military records were requested and who authorized them to be released from storage. He also attached several documents purporting to demonstrate his failed attempts to obtain information from the federal agencies.[2]

---

[1] Thompson brought his first FOIA lawsuit against the Navy in March 2008, which the district court dismissed, without prejudice, for failure to exhaust administrative remedies. Thompson later filed a motion to reopen his complaint, alleging that he had since exhausted his administrative remedies; but the district court denied his motion to reopen. On appeal, this Court affirmed the denial of Thompson's motion to reopen his previously dismissed complaint; but we noted that, because his original complaint was dismissed without prejudice, he could refile his complaint. See Thompson v. U.S. Marine Corp., 398 Fed.Appx. 532 (11th Cir. 2010) (unpublished).

[2] Thompson filed a FOIA request with the Navy on 22 October 2007. On 6 December 2007, the Navy advised Thompson that it was not required to disclose the names of third-party persons due to privacy concerns. On 5 May 2008, the Navy sent Thompson a second response, informing him of his right to appeal within 60 days. On 29 April 2009, Thompson filed a request for an

In her Report and Recommendation ("R&R"), the magistrate judge recommended that the district court grant the Navy's motion to dismiss Thompson's complaint for failure to state a claim on which relief could be granted, because Thompson had failed to exhaust administrative remedies timely before filing his FOIA complaint. The magistrate noted that, although the Navy notified Thompson of his right to appeal its response to his FOIA request, Thompson had failed to demonstrate in his complaint that he filed a timely appeal. Thus, the magistrate concluded that Thompson had not exhausted his administrative remedies as is required by the FOIA. The district court adopted the R&R and granted the Navy's motion to dismiss.[3]

---

administrative hearing with the FOIA Appeals Office of the Navy, which the Navy interpreted as an appeal. On 25 June 2009, the Navy responded that it would not adjudicate Thompson's appeal because it was not timely filed.

[3] The district court seems to have erred when it considered documents attached to the Navy's motion to dismiss and failed to convert the motion into a motion for summary judgment. See Fed.R.Civ.P. 12(d) (holding that when "matters outside the pleadings are presented to and not excluded by the [district] court [in a Fed.R.Civ.P. 12(b)(6) motion], the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). But any error by the district court in failing to convert the Navy's motion to dismiss into a motion for summary judgment was harmless, based on Thompson's acts and the clear and uncontested facts showing that Thompson failed to appeal timely the Navy's adverse response to his FOIA request. See Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1268 (11th Cir 2002) (concluding that "[i]n a situation in which the parties fully understand the true nature of the motion and have presented all available arguments, any error in the notice afforded the parties is harmless").

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

The FOIA requires a federal agency -- upon a request for records reasonably describing documents in that agency's possession -- to make those documents promptly available, unless the information within the records is protected from disclosure by a statutory exemption. 5 U.S.C. § 552a(d)(1).  A plaintiff may bring in federal court a private cause of action under the FOIA to enjoin a federal agency that has improperly withheld records.  See id. § 552a(g)(1).  But  as we made clear in Taylor v. Appleton, " [t]he FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."  30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added).

Under the facts alleged in Thompson's complaint, he "neither actually nor constructively exhausted his administrative remedies." See id. at 1370.  Although the Navy notified Thompson, on 5 May 2008, that he had 60 days to appeal its decision on his request made under the FOIA, Thompson failed to file a notice of appeal until 29 April 2009.  When he became dissatisfied with Navy's response that it was not the custodian of the documents sought by Thompson, he filed a

4

second lawsuit, even though he had failed to pursue timely all available administrative remedies. Thus, the district court properly dismissed Thompson's FOIA claim.

AFFIRMED.