[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11181
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-21347-UU

MATTIE LOMAX,

Plaintiff-Appellant,

versus

CAPITAL RENTAL AGENCY, INC.,
AMERICAN INVESTMENT SERVICES,
GREGORY SCHWEITZER,
MYRNA B. PALLEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 23, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Mattie Lomax, *pro se*, appeals the district court's denial of her motion to reconsider the court's remand of her complaint alleging Defendants' violation of landlord obligations and retaliatory practices to state court. On appeal, Lomax argues that the district court erred in remanding her complaint because federal jurisdiction was proper and because her state claims asserting the Defendants' breach of landlord obligations were meritorious.

We review a district court's denial of a Fed.R.Civ.P. 60(b) motion for abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008).[1] An abuse of discretion occurs when the district court "applies an incorrect legal standard, follows improper procedures in making the determination, . . . makes findings of fact that are clearly erroneous . . . [or] appl[ies] the law in an unreasonable or incorrect manner." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004) (quotation omitted).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United*

_____

[1] We have jurisdiction to review this action because Lomax filed a timely notice of appeal of her Rule 60(b) motion. Her Rule 60(b) motion was timely because that provision gives the litigant a year in which to file.

2

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Although we show leniency to *pro se* litigants, we will not serve as *de facto* counsel or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (recognizing that *Iqbal* effectively overturned *GJR*'s heightened pleading standard for certain 42 U.S.C. § 1983 cases).

Under 28 U.S.C. § 1443(1), a defendant may remove an action to federal court if it is brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

We hold that the district court did not abuse its discretion in remanding Lomax's complaint to state court because, as the state court plaintiff, she was not entitled to remove the case under 28 U.S.C. § 1443.

Based on a review of the parties' briefs and the record, we affirm the district court's remand of Lomax's complaint.

**AFFIRMED.**[2]

---

[2]      Lomax's request for oral argument is denied.