[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14155
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-02525-TWT

JEFFERY A. BRYAN,

Plaintiff-Appellant,

versus

BENNY BELLAMY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 17, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Jeffery A. Bryan, proceeding pro se, appeals from the district court's order

denying his Fed. R. Civ. P. 60(b) motion for reconsideration of its order

dismissing his 42 U.S.C. § 1983 complaint against Benny Bellamy, a police officer working in the municipal court in Atlanta. We affirm.

In his complaint, Bryan alleged the following. One morning, Bryan reported to municipal court to contest a traffic citation. Upon his arrival, he filled out the necessary paperwork to the satisfaction of the Clerk of Court and entered the courtroom. Once inside the courtroom, however, a female court officer was unable to read Bryan's paperwork, and Bryan proceeded to make the necessary corrections. At that point, Officer Bellamy confiscated Bryan's papers and ordered him to complete a new set of paperwork. Bryan requested that Officer Bellamy return his papers, but Bellamy refused to do so. Officer Bellamy then threatened to arrest Bryan if he did not leave the building, and Bellamy began physically assaulting Bryan by pushing him out the door. Once outside, and notwithstanding that no court hearing had occurred, Officer Bellamy informed Bryan that he was in contempt of court for failing to appear and was required to pay $100 in order to re-enter to the courtroom. Bryan alleged that Officer Bellamy violated his civil rights by assaulting him, destroying his legal papers, and denying him access to the courts.

The district court granted Bellamy's motion to dismiss for failure to state a claim upon which relief could be granted. Without referencing any of Bryan's

allegations or claims, the district court recited general pleading standards and, notwithstanding the factual allegations described above in the complaint, concluded without further explanation that Bryan "fails to allege any facts showing a violation of his constitutional rights." However, Bryan did not timely appeal this order, and it is therefore not properly before us. Instead, he filed a motion requesting the court to provide case law validating conduct similar to Bellamy's. The court construed Bryan's motion as a motion for reconsideration, and denied it. Bryan then filed the instant Rule 60(b) motion reiterating his request, as well as adding a request that the court recuse itself. The court summarily denied the motion. Bryan then filed this appeal.

In a prior order, we expressly limited this appeal only to the district court's order denying Bryan's Rule 60(b) motion. Although we construe Bryan's pro se brief liberally, Timson v. Samson, 518 F.3d 870, 874 (11th Cir. 2008), he does not challenge that order, but rather challenges only the court's underlying dismissal order. He has therefore not shown that the court abused its discretion in denying his Rule 60(b) motion. See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 842 (11th Cir. 2008). Accordingly, we must affirm.

**AFFIRMED.**