[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16354

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-14108 CV-JCP

BIG TOP KOOLERS, INC., a Florida Corporation,
NICHOLAS C. BRIENZA,

Plaintiffs-Appellants,

versus

CIRCUS-MAN SNACKS, INC.,
a New York Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 22, 2008)**

Before WILSON, COX and BOWMAN,[*] Circuit Judges.

COX, Circuit Judge:

_____

[*]Honorable Pasco M. Bowman II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

## I. OVERVIEW

This appeal is from the district court's denial of a Fed. R. Civ. P. 60(b) motion for relief from judgment filed by Plaintiffs Big Top Koolers, Inc. and Nicholas C. Brienza (collectively "Big Top"). The motion asserts that Big Top's counsel did not receive notice of a final order entered by the court, and thus did not timely ask for rehearing or file a notice of appeal. We find no reversible error in denial of the motion for two reasons. First, the time for filing notice of appeal had not expired. And, second, Rule 60(b) no longer provides a basis to extend the time to file a notice of appeal because of failure to receive notice of the final judgment. We affirm.

## II. FACTS AND PROCEDURAL HISTORY

Big Top filed this breach of contract action against Defendant Circus-Man Snacks, Inc. ("Circus-Man") involving an ice cream distributorship. After a jury trial, the district court entered an Order of Remittitur, remitting the $493,750 verdict to $15,850. In this order, entered on May 25, 2004, the court required Big Top to elect whether to accept this remitted amount or demand a new trial on damages within ten days of the order. The court explained "that Plaintiffs must consent to this remittitur in order for it to be valid. In the absence of Plaintiffs' consent, the court will have no alternative but to order a new trial." (R.3-139 at 5.)

2

On June 10, 2004, Big Top filed a motion for rehearing on the remittitur, objecting to the order of remittitur, and requesting a higher remitted amount of damages or, in the alternative, a new trial. Big Top filed an amended motion for rehearing on the remittitur on June 15, 2004, which requested a higher amount of damages. On November 12, 2004, the district court denied both Big Top's motion and its amended motion for rehearing.

In early September 2004, Hurricane Frances, a Category 3 hurricane, struck Saint Lucie and Martin County, Florida. About three weeks later, Hurricane Jeanne, another Category 3 storm, came ashore in the same area. According to John J. Anastasio, counsel for Big Top, Jeanne destroyed his office and forced the evacuation of his home. The damage caused by these hurricanes may partially explain the inactivity in this case from late 2004 through early 2006.

On March 9, 2006—the next docket entry after the district court's November 12, 2004 order denying Big Top's motions for rehearing—Anastasio filed a change of address notice with the district court clerk. Also on March 9, 2006, Big Top filed a motion seeking a scheduling order and an order setting the case for a trial on damages, stating that "[t]he defendant [sic] responded that it did not accept the court's remitteter [sic] and requested a new trial on damages." (R.4-155 at 1.)

3

On May 10, 2006, the district court denied Big Top's motion seeking a scheduling order and a trial setting. The court reasoned that Big Top had "impliedly opted" to accept the remittitur in the first place since it did not timely advise the court that it wanted a new trial or file a notice of appeal. The court reasoned that Big Top had "waived a right to a retrial of this case." (R.4-156 at 2-3.) The order then said: "ORDERED and ADJUDGED that Plaintiff's Motion for Scheduling Order and to Set Trial is DENIED. The previously entered Order of Remittitur stands as the final order of this court. The Clerk of the Court shall close this case for lack of timely prosecution on the part of the Plaintiff." (R.4-156 at 3.)

Anastasio says that he never received notice of this order, allegedly because the district court clerk did not change his address as requested.[1] He asserts that he became aware of the order in September 2006.[2] At this point, Big Top filed a motion

---

[1] It appears that Anastasio's new address was simply added to the docket sheet, since both his old and new addresses now appear on the docket sheet. It is unclear from the record if the order was sent to the correct address.

[2] In Big Top's Rule 60 motion, Anastasio claimed that he "did not become aware of the order until September 22, 2006 at a conference with the plaintiff," (R.4-158 at 2), apparently as a result of checking PACER. (Appellant's Brief at 18.)

4

for relief from judgment under Fed. R. Civ. P. 60(a)[3] and (b)(1)[4] on September 25, 2006. (R.4-158.) In this motion, Big Top sought "to have the order reentered to allow for timely rehearing and appellate remedies," since it did not receive notice of the May 10, 2006 order. (R. 4-158 at 3.) The district court denied Big Top's motion on October 24, 2006. (R.4-162.) The court's rationale was similar to that in its May 10, 2006 order, and the court said that the motion was untimely and without merit. The court inexplicably ignored Big Top's contention that it never received notice of the court's May 10, 2006 order.

On November 22, 2006, Big Top filed a notice of appeal. The focus of Big Top's appeal is on the denial of relief under Rule 60(b)–not Rule 60(a). Specifically, Big Top challenges (1) the November 12, 2004 order denying its motion for rehearing on the remittitur order; (2) the May 10,[5] 2006 order denying Big Top's motion for a scheduling order and a trial setting; and (3) the district court's October 24, 2006 order

---

[3] "(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a).

[4] "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . ." Fed. R. Civ. P. 60(b).

[5] In Big Top's notice of appeal, it characterizes this order as "the May 20, 2006" order. We assume that it meant May 10, 2006, since there was no order on May 20, 2006.

denying its Rule 60(b) motion. A motions panel of this court dismissed for lack of appellate jurisdiction Big Top's appeal as to the November 12, 2004 and May 10, 2006 orders, because Big Top had not filed a timely notice of appeal.[6] The court allowed this appeal to proceed only as to the district court's October 24, 2006 order denying Big Top's Rule 60(b) motion.

## III. STANDARD OF REVIEW

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *See Turner v. Sec'y of the Air Force*, 944 F.2d 804, 807 (11th Cir. 1991); *Jackson v. People's Republic of China*, 794 F.2d 1490, 1494 (11th Cir. 1986).

## IV. CONTENTIONS OF THE PARTIES

Big Top argues that the district court abused its discretion in denying its Rule 60(b) motion because the court (1) did not consider the basis for the motion; (2) failed to consider appropriate factors in exercising its discretion; (3) failed to consider the equities; and (4) based its denial of the motion on factual errors.

Circus-Man contends that the district court did not abuse its discretion because Big Top's counsel repeatedly delayed and was not diligent in tracking the status of the case. Circus-Man also argues that Fed. R. App. P. 4(a)(6) provides the only means of extending the time for an appeal based on failure to receive notice. Finally, Circus-

---

[6]*See* Fed. R. App. P. 3(a)(1); 4(a)(1)(A).

Man contends that the May 10, 2006 order was not an order that Big Top was entitled to have the district court set aside.

## V.    DISCUSSION

This appeal from denial of Rule 60(b) relief is timely. Notice of appeal was filed within thirty days of the denial of the motion. We must, however, determine when a final judgment was entered that started the thirty-day appeal clock. The parties disagree about this, and we disagree with both parties.

Circus-Man contends that the November 12, 2004 order was a final judgment, and that the time to appeal ran from this date. We reject this argument. This order simply denied Big Top's motion seeking a rehearing as to the remittitur order, and did nothing more. (R.4-150.)

Big Top contends that the order of May 10, 2006 (which its counsel asserts he did not receive) was a final judgment. We agree that this was a final judgment. This order, as previously noted, said that Big Top had "impliedly opted" to accept the remittitur, and directed the clerk to close the file. Concluding that this May 10, 2006 order was a final judgment, however, does not end our inquiry; we must decide when it was entered.

Big Top complains, both in its Rule 60(b) motion and on this appeal, that the district court did not properly enter final judgment under Fed. R. Civ. P. 58: "Every

7

judgment and amended judgment must be set out in a separate document . . . ." "[C]ases from both the Supreme Court and the circuit courts of appeal make it clear that the time to file a notice of appeal does not begin to run until a separate judgment is entered pursuant to Rule 58." *Reynolds v. Golden Corral Corp.*, 213 F.3d 1344, 1346 (11th Cir. 2000). The record supports Big Top's contention that the district court failed to enter a separate document announcing final judgment under Rule 58, as the docket sheet does not reflect entry of a separate final judgment.

But, Rule 58 provides an alternative means of determining when the final judgment is deemed entered: "[J]udgment is entered at the following times: . . . (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs: (A) it is set out in a separate document; or (B) *150 days have run from the entry in the civil docket*." Fed. R. Civ. P. 58(c) (emphasis added). Because no separate document was entered, final judgment in this case was deemed entered 150 days after the order was entered in the civil docket, on May 10, 2006, resulting in a final judgment in October 2006, several weeks *after* Big Top filed its Rule 60(b) motion.

Notwithstanding Big Top's complaint about the district court's failure to enter the judgment on a separate document, Big Top's Rule 60(b) motion, and its brief on this appeal, assume that the 30-day appeal clock began running on May 10, 2006,

when the final order was entered on the civil docket. Of course, Big Top's acknowledgment that the time for appeal had not run would necessarily have demonstrated that it had no need for the post-judgment relief that its motion sought.

Rule 60(b) was not an appropriate vehicle for Big Top to seek relief from the district court's May 10, 2006 order. "Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Fed. R. Civ. P. 77(d)(2). If Big Top wanted to extend the time to file an appeal, it should have filed a motion under Fed. R. App. P. 4(a)(6):

> **6. Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered and within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

In *Vencor Hospitals, Inc. v. Standard Life & Accident Insurance Co.*, 279 F.3d 1306 (11th Cir. 2002), Vencor Hospitals filed a motion under Rule 60(b) asking the district court to allow it to appeal after the expiration of Rule 4(a)(6)'s 180-day limitation, because it had not received notice of the final order. We affirmed the

9

district court's denial of 60(b) relief and held that Rule 4(a)(6), a product of a 1991 amendment, provides the only vehicle for extending the time to file notice of appeal because of lack of notice of the final judgment: "Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." *Id.* at 1311. Big Top argues, for the first time in its reply brief, that the Rule 60(b) motion should be recharacterized as a Rule 4 motion, noting that its was filed within 180 days of the entry of the final judgment and therefore was timely under Rule 4(a)(6). We decline to address an argument advanced by an appellant for the first time in a reply brief. *See United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) ("[This court] repeatedly has refused to consider issues raised for the first time in an appellant's reply brief."). Furthermore, no such argument was advanced in the district court.

## VI.   CONCLUSION

We are unable to affirm based on the district court's reasoning. But, we can affirm "on any ground that finds support in the record." *Lucas v. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (quoting *Jaffke v. Dunham*, 352 U.S. 280, 281, 77 S. Ct. 307, 308 (1957)) (internal quotation marks omitted). This record supports denial of the motion on two grounds.  First, post-judgment relief could have been properly denied because Big Top's time for filing notice of appeal had not run when

10

it filed its Rule 60(b) motion.  Second, Rule 60(b) cannot be used to accomplish what

Big Top sought, that is, an extension of time to appeal based upon failure to receive

notice of the judgment.

**AFFIRMED.**