[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14396
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-01218-CV-TWT-1,
BKCY No. 01-64875-BKC-MG

IN RE:      MOHAMMED A. FAIYAZ

                                                                Debtor,

_____

MOHAMMED A. FAIYAZ,

                                                                Plaintiff,

SURAIYA MATEEN,

                                                                Plaintiff-Appellant,

versus

JAMES R. MARSHALL,
as Trustee,
FRANK DICUS,
DICUS ENTERPRISES,

                                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 12, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal concerns the entitlement to proceeds from the sale of two properties, whose ownership was disputed in both a state court fraudulent conveyance action and in a quiet title adversary proceeding in the U.S. Bankruptcy Court for the Northern District of Georgia.

Suraiya Mateen, appealing pro se, is the wife of the former owner of these properties. The proceeds from the sale of these properties were awarded by the bankruptcy court to the creditors of Mateen's husband. Mateen appeals the rulings which effectuated the transfer of the proceeds to her husband's creditors. Specifically, she appeals the district court's decision affirming the bankruptcy court's earlier orders that (1) entered a final judgment against her in the quiet title adversary proceeding, (2) denied her motion in the main bankruptcy proceeding to recapture the proceeds from the sale of the two properties, which were then disbursed to the creditors, and (3) declined to reconsider those decisions.

## BACKGROUND

This dispute originated over a breach of contract between Mateen's husband, Mohammed A. Faiyaz (the "Debtor") and Frank Dicus and Dicus Enterprises (collectively the "Creditors"). In the resulting lawsuit, the Fulton County Superior

2

Court entered judgment and monetary damages for the Creditors.  In an attempt to collect, the Creditors brought an action against the Debtor in Gwinnett County, alleging that he fraudulently conveyed the properties involved in this case to a family trust to avoid paying the judgment.  The Gwinnet County Superior Court entered a default judgment in favor of the Creditors, which the Debtor appealed.  Before that judgment was appealed, however, the Debtor filed for Chapter 7 bankruptcy protection, triggering the automatic stay provisions of 11 U.S.C. § 362.

In his schedule of assets, the Debtor listed, inter alia, the two properties at issue even though he had assigned them to the Suraiya Faiyaz Living Trust.[1]  The trustee of the bankruptcy estate (the "Trustee") then filed a separate quiet title adversary proceeding in the bankruptcy court against Mateen and her daughters, Roohi Fatima Faiyaz and Reema Mohammedi, (collectively the "Claimants") to determine the extent of the bankruptcy estate's interest in these properties.  Thus, two concurrent bankruptcy court actions were in progress at this point—the main bankruptcy proceeding initiated by the Debtor and the quiet title adversary proceeding initiated by the Trustee.

The bankruptcy court granted conditional relief to the Creditors from the

---

[1] It was this transfer to the trust that was the subject of the state court fraudulent conveyance action.  The Debtor and Mateen were settlors and trustees of this trust, with their daughters as the beneficiaries.

automatic stay in the main case, allowing them to reopen the Gwinnett County fraudulent transfer action. The state appellate court eventually affirmed and the Georgia Supreme Court denied certiorari. While that fraudulent action was still on appeal in the state system, the bankruptcy court entered judgment against the Debtor and Claimants, in both the main case and the quiet title adversary proceeding, on the basis of res judicata pursuant to the state court fraudulent conveyance judgment. It then denied their subsequent motion to set aside the judgment in the bankruptcy proceeding (the "May 2004 order"), and Mateen appealed. The district court reversed the bankruptcy court's May 2004 order because the state court fraudulent conveyance litigation had not yet been completed and was not final at that point. After this reversal, Mateen filed a motion in the main bankruptcy court proceeding to compel the Trustee to recapture the proceeds from the sale of the disputed properties, and to hold those funds pending the bankruptcy court's reconsideration of her claims.

Once the Georgia Supreme Court had denied certiorari, the bankruptcy court denied Mateen's motion to recapture proceeds in the main bankruptcy proceeding and reentered its May 2004 order and judgment in the quiet title adversary proceeding (the "January 2008 order"). Mateen again moved for reconsideration, which the bankruptcy court denied. Mateen then appealed the denial of the

4

reconsideration of her motion to recapture proceeds to the district court. The district court affirmed the bankruptcy court's denial of reconsideration, and she appeals to this court.

Initially, we reject the Creditors argument that both the district court and our court lack jurisdiction over her bankruptcy appeal. We have reviewed the record and find her appeal timely.[2]

Turning to Mateen's claim that the bankruptcy court lacked jurisdiction to enter its orders, we conclude that none of the five arguments she presents on this issue have merit. Mateen's first argument that the bankruptcy court lacked jurisdiction over the properties because the bankruptcy estate was never formed is not supported by the record.[3] The remaining four jurisdictional arguments all lack any merit: (1) that the bankruptcy court permanently relinquished jurisdiction over all matters relating to the ownership of the properties by lifting the stay during the

---

[2] Mateen's motion for reconsideration had the potential to toll the appeal period because the bankruptcy court entered the contested order on January 18, 2008 and Mateen's motion for reconsideration was stamped as filed on January 28, 2008, within the ten-day window. Second, Mateen's motion for reconsideration counts as a tolling motion because she sought, through that motion, to alter or amend the bankruptcy court's January 2008 order. Third, Mateen's February 25, 2008 notice of appeal to the district court was timely because the tenth day after the February 13, 2008 order disposing of her motion for reconsideration fell on a Saturday. Pursuant to the rules regarding computation of time, she had until the following Monday to file her appeal. Fed. R. Bankr. P. 9006(a).

[3] Because the Trustee filed the quiet title adversary proceeding to determine whether and to what extent the disputed properties were "property of the estate," which would confer jurisdiction under 28 U.S.C. § 1334(e)(1), the entire litigation on the merits of that proceeding was a proper exercise of the bankruptcy court's jurisdiction to determine its jurisdiction.

5

pendency of the state court proceeding;[4] (2) that the land sale proceeds were not "property of the estate"—and therefore the bankruptcy court lacked jurisdiction—because the bankruptcy court had earlier denied the Trustee's motion for summary judgment;[5] (3) that the mandatory abstention doctrine prevented the bankruptcy court from reentering final judgment based on res judicata while a petition for certiorari on the state court judgment was pending before the U.S. Supreme Court;[6] and (4) that the parties' consent was required (but never given) before the bankruptcy court could exercise jurisdiction, arguing that the bankruptcy matter was a non-core proceeding.[7]

We also find that, since the bankruptcy court did not err by entering the January 2008 order while a petition for certiorari in the U.S. Supreme Court was

_____

[4] The conditional lifting of the stay did not relate to the disputed land sale proceeds. The bankruptcy court merely granted the Creditors conditional relief from the stay to allow them to liquidate their damages and attorney's fees under the pre-bankruptcy petition Gwinnett County judgment against the Claimants.

[5] The bankruptcy court ultimately found that the Gwinnett County court determined that the Debtor did hold title to the properties prior to declaring bankruptcy in April 2001.

[6] A state court judgment becomes final for purposes of res judicata after the Supreme Court of Georgia denies a petition for certiorari. See, e.g., Hurt v. Norwest Mortgage, Inc., 580 S.E.2d 580, 585 (Ga. Ct. App. 2003).

[7] Despite her current assertions on appeal, Mateen previously admitted in her answer to the Trustee's complaint in the adversary proceeding that the proceeding did involve a core matter under 28 U.S.C. § 157(b)(2). Furthermore, the bankruptcy court found that the matter was core pursuant to 28 U.S.C. § 157(b)(2)(K), and, as previously noted, Mateen dismissed her appeal from that ruling. Moreover, the litigation meets the definition of a core matter under 28 U.S.C. § 157(b)(2) and the district court made no contrary finding.

pending, Mateen's argument that the orders of the bankruptcy court violated the U.S. and Georgia Constitutions are without merit.

Finally, the arguments made for the first time in her reply brief are deemed waived as they were not raised in her initial brief. Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008). Likewise, we decline to consider the arguments and cases cited in Mateen's "Citations of Supplemental Authority" because this pleading substantially exceeds the 350-word limitation and does not cite any pages in her initial brief to clarify the significance of the supplemental citations. Furthermore, we have not granted her leave to file a supplemental brief.

**CONCLUSION**

For all of the above reasons, the district court did not err by affirming the bankruptcy court's decisions to (1) reenter final judgment against Mateen in the quiet title adversary proceeding, (2) deny her motion to recapture proceeds in the main bankruptcy proceeding, and (3) deny her motion for reconsideration of those rulings.

**AFFIRMED**