[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12710
Non-Argument Calendar

_____

D. C. Docket No. 98-02659-CV-CC-1

EDWARD L. REASE,

Plaintiff-Appellant,

versus

AT&T CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 25, 2009)

Before BLACK, BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Edward Lorenzo Rease seeks to appeal, pro se, the district court's denial of

his motion to re-open his previously dismissed employment discrimination action by setting aside a summary judgment order in favor of AT&T that was issued on October 3, 2005. In his motion below, Rease raised a total of five claims to show that he was entitled to reconsideration of his case under Fed.R.Civ.P. 60(b): (1) AT&T committed "fraud upon the Court" during discovery; (2) a favorable decision from the Social Security Administration ("SSA") on January 17, 2008, constituted newly discovered evidence proving his disability; (3) a ruling from the Georgia Department of Labor on June 1, 1999, constituted evidence that he did not violate AT&T's rules and that AT&T could not proffer a legitimate non-discriminatory reason for terminating him while he was on a medical leave of absence; (4) recent Supreme Court cases were supportive of his claims; and (5) his counsel's withdrawal at an early stage of the proceedings constituted ineffective assistance. The district court construed Rease's claims under Fed.R.Civ.P. 60(b)(1)-(3) and denied his motion to reopen as untimely because the motion was not filed within one year of the summary judgment order.

Rease argues on appeal that the district court abused its discretion by construing his motion as only applicable under Fed.R.Civ.P. 60(b)(1)-(3) in finding that his motion was untimely according to Rule 60(c)(1)'s one-year limitation. Rease also asserts that his motion could be construed under Rule 60(b)(5)-(6),

2

which allowed him to file within a reasonable time after the summary judgment order. Finally, Rease argues for the first time on appeal that his motion was timely under Rule 60(d), which allowed him to file at any time.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 842 (11th Cir. 2008). An abuse of discretion occurs when the district court "applies an incorrect legal standard, follows improper procedures in making the determination, . . . makes findings of fact that are clearly erroneous. . . . [or] appl[ies] the law in an unreasonable or incorrect manner." Klay v. Humana, Inc., 382 F.3d 1241, 1251 (11th Cir. 2004) (quotation omitted). We will not consider an argument not raised in the district court. F.D.I.C. v. Verex Assurance, Inc., 3 F.3d 391, 395 (11th Cir. 1993). Lastly, we may affirm the district court on different grounds so long as "the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court." Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1230 n.2 (11th Cir. 2002) (quotation omitted).

Having reviewed the record, we first hold that the district court did not abuse its discretion in reasonably construing three of Rease's allegations below–that (1) AT&T committed fraud during discovery; (2) newly discovered evidence from the SSA showed that he was disabled; and (3) the resignation of his counsel

3

constituted ineffective assistance–as falling under Rule 60(b)(1)-(3), and, thus, time-barred under Rule 60(c)(1).  See Klay v. Humana, Inc., 382 F.3d 1241,(11th Cir. 2004); Fed.R.Civ.P. 60(c)(1).  Regarding the remaining two claims, we affirm the district court's denial based on the alternate ground that Rease did not file the motion within a "reasonable time," as required by Rule 60(c)(1).  See Fed.R.Civ.P. 60(c)(1); BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008); Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1230 n.2 (11th Cir. 2002).[1]

**AFFIRMED.**

---

[1] We will not address Rease's argument–that his motion below was grounded on Rule 60(d)–because he did not raise such argument in the district court.  See Verex Assurance, 3 F.3d at 391.

4