[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11495
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-23293-UU

MATTIE LOMAX,

Plaintiff-Appellant,

versus

HARVEY RUVIN,
SHIRLEY SHABAZZ, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 26, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Liberally construing Mattie Lomax's pleadings,[1] we determine that she has appealed the district court's post-judgment denial of (1) Lomax's March 3, 2011, motion to recuse; and (2) Lomax's March 11, 2011, motion to amend her motion for recusal and for reconsideration of the district court's dismissal of Lomax's amended complaint.[2]

## I. MOTIONS TO RECUSE

---

[1]    Lorisme v. I.N.S., 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

[2]    In order to determine exactly what issues are properly on appeal, we must examine the relevant procedural history.  Lomax filed her amended complaint on November 22, 2010.  The district court dismissed it on January 11, 2011, because it had "no arguable basis in law or in fact."  Lomax then filed a Motion for Judgment as a Matter of Law on February 3, 2011, and the district court (construing it as a motion for reconsideration) denied it on February 18, 2011.
    Lomax then filed a Motion to Recuse on March 8, 2011, and it was denied on March 14, 2011.  Lomax filed a "Motion Amend to Recuse" on March 11, 2011.  This "Motion Amend to Recuse" stated nothing about recusal but included a demand for a jury trial and a citation to an Eleventh Circuit case on the topic of immunity, which bore a relationship to the merits of Lomax's amended complaint.  The district court summarily denied this motion on March 23, 2011.  We construe Lomax's "Motion Amend to Recuse" to include both (1) another motion for recusal and (2) another motion for reconsideration of the district court's dismissal of Lomax's amended complaint.
    Lomax's notice of appeal stated that she was appealing the district court's denial of her "Motion Amend to Recuse."  We construe that to also include the denial of her initial Motion to Recuse.  Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528-29 (11th Cir. 1987).  Therefore, the proper issues on appeal are (1) the district court's March 14, 2011, denial of Lomax's initial Motion to Recuse; (2) the district court's March 23, 2011, denial of Lomax's motion to amend her motion for recusal; and (3) the district court's March 23, 2011, denial of Lomax's motion for another reconsideration of dismissal.  See id.; Lorisme, 129 F.3d at 1444 n.3.
    The district court's actual dismissal of Lomax's amended complaint is not properly on appeal since it was not included in Lomax's notice of appeal.  Osterneck, 825 F.2d at 1528-29 ("The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal.  Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice.") (emphasis added and citations omitted).

We review a district court's denial of a motion for recusal for abuse of discretion. United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999). Under the abuse of discretion standard, we will affirm the refusal to recuse unless we "conclude that the impropriety is clear and one which would be recognized by all objective, reasonable persons." Id.

A federal judge must disqualify herself if her "impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice concerning a party," has participated as counsel in the matter, or has a financial interest in the matter. 28 U.S.C. § 455(a), (b). Under § 455(a), challenges to a judge's "ordinary efforts at courtroom administration," including "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses," are not sufficient to require a judge to recuse herself. Liteky v. United States, 510 U.S. 540, 556, 114 S. Ct. 1147, 1157, 1158 (1994).

While we liberally construe the pleadings of pro se litigants, Lomax fails to present any argument relevant to the motions for recusal. Because she has presented no argument germane to these issues, Lomax has abandoned her appeal with respect to the denials of recusal. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998). Even if we consider the merits, we find that the district court did

not abuse its discretion under 28 U.S.C. § 455(a) or (b). There is no evidence that the district court judge's impartiality could be questioned, nor that she had any personal bias or financial interest in the case.

## II. MOTION FOR RECONSIDERATION

The denial of a motion for reconsideration is reviewed for abuse of discretion. Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 842 (11th Cir. 2008). To prevail on a motion for reconsideration, the moving party must present new facts or law of a strongly convincing nature. Slomcenski v. Citibank, N.A., 432 F.3d 1271, 1276 n.2 (11th Cir. 2005). There is no abuse of discretion where the district court denies a motion for reconsideration that merely "raise[s] arguments which could, and should, have been made before the judgment is issued." Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990).

Lomax has not met her burden. First, Lomax has not presented any facts at all in her brief. Second, none of the cases cited in her brief are new or strongly convincing. Accordingly, it was not error for the district court to deny Lomax's March 11, 2011, motion to the extent that it requested reconsideration of the district court's dismissal of the amended complaint. Lussier, 904 F.2d at 667.

Finding no reversible error, we affirm the district court's denial of Lomax's motions to recuse and her motion for reconsideration.

4

AFFIRMED.[3]

---

[3]     Lomax's motion for leave to file a reply brief out-of-time is GRANTED. Her request for oral argument is DENIED.