[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10229
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00314-HLM

UNITED STATES OF AMERICA,
upon the relation and for the use and benefit of
Tennessee Valley Authority,

                                        Plaintiff - Appellee,


versus

AN EASEMENT AND RIGHT-OF-WAY OVER 4.42 ACRES OF LAND,
MORE OR LESS, IN WHITFIELD COUNTY, GEORGIA,

                                        Defendant,

JOHN B. POSTELLE,

                                        Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(August 7, 2019)

Before TJOFLAT, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


In this eminent domain action, John Postelle appeals the final judgment following a jury verdict and appeals the district court's denial of Postelle's motion for a new trial. Postelle's chief argument on appeal is that the district court abused its discretion by -- pursuant to Fed. R. Civ. P. 37(c)(1) and the district court's local rules -- excluding Postelle's expert-witness testimony. No reversible error has been shown; we affirm.


I.    Background


This appeal stems from a project by the Tennessee Valley Authority ("TVA") to construct and to maintain a new electric power transmission line in Gordon and Whitfield Counties, Georgia. In 2016, TVA filed this eminent domain action to acquire a permanent easement and right-of-way across 4.42 acres of a 127.75-acre parcel owned by Postelle. The sole issue for trial was a determination

2

of the amount of just compensation to which Postelle was entitled as a result of the taking.

The district court issued a Scheduling Order establishing discovery deadlines, including dates on which each party was required to make expert disclosures, in accordance with Fed. R. Civ. P. 26(a)(2).  On 29 June 2017 (the deadline for Postelle's Rule 26(a)(2) expert disclosures), Postelle filed a motion seeking an extension of the expert disclosure deadline.  Among other reasons, Postelle said an extension was necessary to allow Postelle's expert time to review TVA's responses to Postelle's recently-served discovery requests before the expert prepared his written report.  At no time did Postelle seek to extend the close of discovery, scheduled for 20 November 2017.[1]

The district court granted Postelle's motion and issued the order proposed by Postelle, which set forth these new expert disclosure deadlines:

    a.  [Postelle's] Expert Disclosures:  30 days after [TVA] provides the
       information requested in [Postelle's] June 23, 2017 discovery
       requests;

---

[1] In his reply brief, Postelle characterizes his failure to seek an extension of the close of discovery as an "oversight" or a "scrivener's error" that should have been noticed and corrected by the district court.  No; we reject this argument as entirely without merit.  Moreover, to the extent Postelle attempts to raise this argument (and other arguments) for the first time in his reply brief, they are not properly before us and will not be addressed on appeal.  See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008).

3

b.  [TVA's] Expert Disclosures: 30 days after [Postelle's] Expert
    Disclosures are due.

On 25 August 2017, TVA responded to Postelle's discovery requests.  In its notice of service, TVA stated that "[p]ursuant to the Order Modifying Scheduling Order . . ., Postelle's expert disclosures are due September 25, 2017."

On 22 September, Postelle's lawyer sent an email to TVA's lawyer in which Postelle's lawyer acknowledged that Postelle's expert disclosures were due on 25 September and sought TVA's consent to another extension.  It appears that TVA's lawyer, however, refused to give unconditional consent.  In response, Postelle's lawyer sent a second email (sent on the 25 September deadline), withdrawing the earlier request for consent.  Postelle's lawyer asserted, instead, that -- because TVA's discovery responses were inadequate -- Postelle's 30-day time period for filing expert disclosures had not yet been triggered.  Postelle, however, filed no motion in the district court seeking another extension or an order compelling TVA to respond more fully to Postelle's discovery requests.  Nor did Postelle file (in whole or in part) his expert disclosures.

Meanwhile, TVA filed its Rule 26(a)(2) expert disclosures on 25 October 2017.  TVA also moved to exclude Postelle's expert testimony -- pursuant to Fed. R. Civ. P. 16(f)(1)(C) and 37(c)(1) -- on grounds that Postelle had failed to comply with the court's scheduling order and with Rule 26(a)(2).

4

On 5 December 2017, the district court granted TVA's motion to exclude. The district court rejected Postelle's position that the 30-day deadline for filing expert disclosures was never triggered.  Because Postelle failed to comply with both Rule 26(a)(2) and Local Rule 26.2C -- and failed to demonstrate that such failure was substantially justified or harmless -- the district court determined that exclusion of Postelle's expert testimony was appropriate.  The district court also denied Postelle's later motions (1) for reconsideration of the district court's 5 December 2017 order and (2) to reopen and extend discovery, both of which challenged the district court's exclusion order.

Following a three-day trial, the jury returned a verdict awarding Postelle $35,000 in just compensation; the district court entered final judgment consistent with the jury's verdict.  Postelle then moved unsuccessfully for a new trial, challenging again the district court's 5 December 2017 exclusion order.

II.    Discussion

We review the district court's rulings about discovery under an abuse-of-discretion standard.  Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011).  Our review of a ruling under Rule 37 "is sharply

limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." Serra Chevrolet, Inc. v. Gen. Motors Corp., 446 F.3d 1137, 1146-47 (11th Cir. 2006) (quotation omitted). "[U]nder the abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." Josendis, 662 F.3d at 1307 (quotation omitted).

"Federal Rule of Civil Procedure 26 requires that 'a party must make expert witness disclosures at the times and in the sequence [that] the court orders.'" Guevara v. NCL (Bahamas) Ltd., 920 F.3d 710, 717 (11th Cir. 2019) (alterations omitted) (citing Fed. R. Civ. P. 26(a)(2)(D)). Under the initial disclosure obligations in Rule 26(a)(1), a party must disclose only the name and address of potential witnesses. Fed. R. Civ. P. 26(a)(1). Disclosure under Rule 26(a)(2), however, "contemplates not only the identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefor.'" Reese v. Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008) (affirming the district court's exclusion of an expert report for failure to comply with Rule 26). "Because expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise,

6

compliance with the requirements of Rule 26 is not merely aspirational." Id. at 1266.

Congress has provided for "a self-executing sanction for failure to make a disclosure required by Rule 26(a)." See Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment. Under Rule 37(c)(1), a party that "fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). We have said that "[c]ourts have broad discretion to exclude untimely expert testimony . . .." Guevara, 920 F.3d at 718 (upholding the district court's exclusion of an expert's untimely-filed report).

In a similar way, the district court's local rule establishes these requirements for expert disclosure:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

N.D. Ga. L.R. 26.2C (emphasis added).

7

As an initial matter, Postelle contends that the district court's exclusion of Postelle's expert testimony was dispositive of Postelle's claim for damages -- tantamount to a directed verdict or a dismissal with prejudice -- and, thus, required a finding of willfulness or of bad faith. We disagree. Despite the exclusion order, Postelle's case proceeded to a jury trial during which Postelle was able to introduce valuation evidence through cross-examination of TVA's expert witness and through his own testimony. At the close of Postelle's evidence, the district court denied TVA's motion for judgment as a matter of law. The jury also awarded Postelle damages in excess of the valuation evidence introduced by TVA. On this record, we cannot conclude that the district court's exclusion order constituted a dispositive ruling requiring a bad faith showing. Cf. BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048-49 (11th Cir. 1994) ("Our caselaw is clear that only in a case where the court imposes the most severe sanction -- default or dismissal -- is a finding of willfulness or bad faith failure to comply necessary.").

Postelle also contends that the district court relied improperly on an erroneous factual finding: that Postelle failed entirely to identify an expert witness. This contention is contradicted flatly by the record. That Postelle identified the name of his proposed expert witness as part of his Rule 26(a)(1) initial disclosures

8

is undisputed.  The record makes clear, however, that the district court decided to exclude Postelle's expert testimony based on its determination that Postelle later failed to fulfill his obligations under Rule 26(a)(2).  The district court's determination is supported by the record.  Among other things, Rule 26(a)(2) requires a written report containing the expert's opinions and the underlying basis and reasons for that opinion: that Postelle filed no such written report is clear.  Cf. Reese, 527 F.3d at 1265 (explaining that providing an expert witness's name was insufficient to discharge a party's disclosure obligation under Rule 26(a)(2) and Local Rule 26.2C).

The district court also abused no discretion in concluding that Postelle failed to demonstrate substantial justification for his non-compliance with Rule 26(a)(2). First, the discovery information Postelle sought from TVA was not critical to forming an expert opinion about the fair market value of Postelle's property.  That Postelle asserts that his proposed expert witness had in fact assessed the value of Postelle's damages before trial (and without the requested discovery from TVA) bolsters that conclusion.  The district court thus determined reasonably that a written report for Postelle could have been prepared and filed by the established deadline without taking account of the thoroughness of TVA's responses to Postelle's discovery requests and, if necessary, the report might be supplemented

9

later pursuant to Rule 26(e).  See Reese, 527 F.3d at 1265-66 (concluding that a party's failure to comply with Rule 26(a)(2) was "unjustified and harmful" to the non-moving party where the expert witness could have prepared a written report based upon the then-available information and supplemented the report after reviewing the later-provided discovery documents).

Moreover -- to the extent Postelle considered essential the discovery sought from TVA -- we agree with the district court that Postelle "could have and should have" taken some affirmative act in the district court to pursue the disputed discovery or to clarify or to extend the disclosure deadline.  Instead, Postelle did nothing other than to notify TVA's lawyer of Postelle's opinion that the Scheduling Order's 30-day time limit had not been triggered.  That Postelle decided unilaterally that his obligations under the Scheduling Order were not triggered -- then did nothing more for three months -- is insufficient justification for his non-compliance with Rule 26.  See Guevara, 920 F.3d at 719 (no abuse of discretion found where party engaged in unreasonable delay and filed a supplemental report after the close of discovery without seeking leave of the court or moving to extend discovery); Reese, 527 F.3d at 1266 (no abuse of discretion in excluding expert report where party "could have filed a motion to extend the

discovery period so as to permit a proper disclosure" and "offered no excuse for failing to do so.").

Nor are we persuaded that the district court erred in concluding that TVA would suffer harm or prejudice as a result of Postelle's failure to comply with Rule 26(a)(2).[2] At the very least, Postelle's failure to disclose timely his proposed expert testimony denied TVA the opportunity -- before the close of discovery -- to depose Postelle's expert or to engage in meaningful discovery about the information underlying the expert's opinions. On this record, we cannot conclude that the district court abused its discretion in excluding Postelle's expert testimony.[3]

AFFIRMED.

---

[2] We also note that a showing of harm or prejudice is seemingly unnecessary under the district court's local rules. See N.D. Ga. L.R. 26.2(C). Thus -- even absent a showing of prejudice -- the district court might have had discretion to exclude Postelle's expert testimony under its local rules.

[3] We have also considered Postelle's argument that the district court erred in denying his motion to reopen discovery, pursuant to Fed. R. Civ. P. 6(b)(1)(B). This reopening decision is another decision that is left to the broad discretion of the district court. On this record, we are unconvinced that excusable neglect has been demonstrated that might justify a reopening of discovery. In addition, we accept that TVA -- at a late stage -- would be prejudiced by having to take the large number of depositions proposed by Postelle's lawyer. That several months remained between the close of discovery and the projected trial date is not outcome-determinative. The district court abused no discretion in denying Postelle's motion to reopen.