[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14866
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-00147-ECM-SRW

SYBIL MARIE LITTLE,

Plaintiff-Appellant,

versus

CSRA, INC.,
GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 30, 2020)

Before GRANT, LUCK, and ED CARNES, Circuit Judges.

PER CURIAM:

Sybil Little, proceeding pro se, appeals the dismissal of her complaint. Over the past five years Little has filed three employment discrimination lawsuits against CSRA, Inc., her former employer. We will explain the two earlier cases because they bear on the outcome of this third one.

In September 2015 Little filed suit against CSRA, alleging that she was not promoted because of her sex. The district court granted summary judgment to CSRA in June 2017. We will call that case Little I.

In March 2017, while Little I was pending, Little filed a second lawsuit against CSRA and two of its employees, asserting a Title VII hostile work environment claim and related state law claims. Naturally, we will call that case Little II. Little alleged that one CSRA employee, Jason Patrick, propositioned her for "oral and missionary sex," and that another employee, Ricky Norris, sexually harassed her, commenting among other things that Little should "wear dresses so he could stand at the bottom of the ladder and look up her dress." Little v. CRSA, 744 F. App'x 679, 680 (11th Cir. 2018).[1] The district court dismissed Little's complaint in that case for failure to state a claim, reasoning that it could consider her allegations only as to Norris because Little did not mention Patrick in her

---

[1] The case caption in Little II refers to the defendant as CRSA. It should be CSRA. Little II involved the same parties as Little I and this case. We note this both to avoid confusion and because the res judicata effect of Little II on this case depends on whether the parties are identical in both suits. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). They are.

EEOC charge, and that she failed to allege facts that CSRA was on notice of Norris' alleged harassment. Id. at 682–83. We affirmed. Id.

In November 2018 Little laid the foundation for this case, which we will of course call Little III, by filing another EEOC charge against CSRA. We set it out in full because it defines the permissible parameters of her complaint, see Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) ("[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (quotation marks omitted)):

> I filed a previous EEOC charge of discrimination. I am currently working for the Respondent as a Simulator Technician. On July 18, 2018, Jason Patrick (Supervisor) sent an email and asked everyone to clean the common desk area and equipment after they finish. I believe this was in retaliation for the sexual harassment complaint/lawsuit I filed in May 2017. Upon information and belief, Respondent has provided unfavorable references to prospective employees [sic]. I was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> Further, my computer [sic] furnished computer was removed from my desk. The company allowed for personal computers to be brought in which I did using a plug next to my desk. When it was found out by other technicians the plug was used by the desk against my desk and the [plug] that was being used was no longer used by the employees. A verbal attack was done by Thomas Schnormeier when I unplugged the extension cord to use my computer like I normally did. The FOB I used to log in to complete work orders was removed from my bag so I was no longer able to log my time for work orders.

3

The EEOC dismissed Little's charge. Then, on February 26, 2019, Little filed this lawsuit against CSRA and its parent company, General Dynamics Information Technology. Little III largely rehashes allegations from Little II. An important difference for present purposes is that Little's latest lawsuit alleges she was laid off on December 31, 2018 without severance pay and without being permitted to transfer to another position for which she was qualified.

Her complaint asserts four Title VII claims and two state law claims. Count One alleges that CSRA employees sexually harassed Little and created a hostile work environment. Count Two repeats much of Count One but adds that the harassment culminated with Little being laid off. Count Three alleges sex discrimination, asserting that sex was the impetus behind CSRA's decision to lay Little off. Count Four alleges that CSRA employees retaliated against Little for filing Little II by harassing her, terminating her employment, and denying her severance pay. Counts Five and Six allege state law claims for the negligent and wanton hiring, training, or supervision of Patrick and Norris.

CSRA moved to dismiss Little's complaint for failure to state a claim. The district court granted that motion, adopting in full a magistrate judge's report that recommended: dismissing Little's claims related to her being laid off because she did not exhaust them before the EEOC; dismissing the hostile work environment claim because the conduct Little alleged was not sufficiently severe or pervasive

4

and because Little failed to establish that CSRA's management knew about that conduct; dismissing the retaliation claim because Little did not plausibly allege retaliatory animus; and declining to exercise supplemental jurisdiction over the state law claims. The district court also denied Little's request for discovery.

## I.

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), taking the "factual allegations in the complaint as true and constru[ing] them in the light most favorable to the plaintiff[]." Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). We do not accept as true "labels and legal conclusions." Id. "Dismissal for failure to state a claim is proper if the factual allegations are not enough to raise a right to relief above the speculative level." Id. (quotation marks omitted). We liberally construe Little's pro se complaint and appellate briefs. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

## II.

A Title VII plaintiff must exhaust her claims before filing suit, which means she "first must file a charge of discrimination with the EEOC." Gregory, 355 F.3d at 1279. A plaintiff's complaint in a Title VII action is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. at 1280 (quotation marks omitted).

This rule requires that we dismiss Count Three — Little's Title VII claim that she was laid off based on her sex — and that we disregard several allegations supporting Little's remaining counts. Little failed to exhaust her claims relating to her layoff because those claims were not (and could not have been) included in her EEOC charge. Recall that she filed the EEOC charge leading to this lawsuit in November 2018. But Little alleges that she was laid off in December 2018, which is after she had filed the EEOC charges. Although we can let judicial claims "clarify" an EEOC charge, id., Little's allegations cannot clarify what is not in her EEOC charge.

That means Count Three is unexhausted and was properly dismissed. And it means Little's retaliation claim in Count Four is unexhausted to the extent it relies on her being laid off. That leaves Counts One and Two, both of which allege a hostile work environment; Count Four, which alleges retaliatory acts other than the layoff; and the two state law claims. We will address those counts in that order.

### III.

We begin with Counts One and Two: Little's hostile work environment claims. To state a claim for a hostile work environment based on sex, a plaintiff must plausibly allege, among other things, that she was "subject[ed] to unwelcome sexual harassment," the "harassment was sufficiently severe or pervasive to alter

6

the terms and conditions of [her] employment," and there is "a basis for holding the employer liable."  Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (en banc).

As an initial matter, Little presented many of the same allegations to support her claims in Little II, which also alleged a hostile work environment based on sex.[2]  To the extent Little's hostile work environment claims were presented in Little II, they are barred by res judicata.  See Ragsdale, 193 F.3d at 1238 (res judicata bars a later claim if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases"); see also id. at 1239 ("[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.").  Moreover, Little did not mention being propositioned by Patrick in her EEOC charge, so that claim, to the extent it is one, is also unexhausted.  See Gregory, 355 F.3d at 1280.

---

[2] For instance, in both that case and this one, Little alleged that Patrick "proposition[ed] her for oral and missionary sex," and that Norris harassed her by suggesting she wear a "dress[] and heels to work so he could look under the skirt or dress while the plaintiff worked under a device or going up stairs."  Compare Little II, 744 F. App'x at 680 ("[Little] alleges that around March 11, 2015, Patrick . . . called her and propositioned her for 'oral and missionary sex.' . . . Little also alleged that Norris . . . regularly subjected her to sexual harassment . . . [commenting] that she 'had a cute ass' . . . and that she should 'wear dresses so he could stand at the bottom of the ladder and look up her dress and watch her climb the ladder.'").

Little's remaining allegations supporting her hostile work environment claims — e.g., that her coworkers subjected her to "verbal attacks," that she found a screw in her tire, and that she found detritus on her desk —  are insufficient to establish that CSRA was on notice of the alleged harassment, such that there is "a basis for holding the employer liable." Reeves, 594 F.3d at 808; see Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1278 (11th Cir. 2002) ("[A] victim of coworker harassment must show either actual knowledge on the part of the employer or conduct sufficiently severe and pervasive as to constitute constructive knowledge to the employer.").  Moreover, Little did not object to the magistrate judge's determination that she failed to sufficiently allege that CSRA management knew or should have known about the alleged harassment, so she is barred from challenging that determination on appeal anyway. See 11th Cir. R. 3-1.

IV.

Next up is Count Four:  Little's Title VII retaliation claim.  To state a retaliation claim, a plaintiff must plausibly allege (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. See Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249, 1258 (11th Cir. 2012). Setting aside the unexhausted claim about her layoff, Little's retaliation claim is based on being denied a job position in 2017 and being harassed by her coworkers.

8

Little's claim fails because she makes only conclusory allegations to connect the alleged retaliatory actions and her filing of the lawsuit in Little II. That she was denied a job position she expected to have does not mean that it was retaliatory, and her complaint offers nothing but conclusory allegations suggesting that it was. Likewise, that Little's coworkers allegedly continued to harass her after she filed Little II does not, without more, suggest a retaliatory motive. The district court properly dismissed Little's retaliation claim. See Edwards, 602 F.3d at 1291 (holding that in assessing the sufficiency of a complaint we do not accept as true "labels and legal conclusions").

## V.

That leaves Little's state law claims (Counts Five and Six) alleging that the defendants negligently and wantonly hired, trained, or supervised Patrick and Norris. Little does not argue on appeal that the district court erred in dismissing her state law claims, so she has abandoned them. See Timson, 518 F.3d at 874 ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

## VI.

Having determined that the district court properly dismissed the individual claims, we now address two of Little's more general or whole-case contentions. First, she contends that the district court erred in denying her the chance for discovery. That contention fails because Little was not entitled to discovery at the

9

motion to dismiss stage.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Lastly, Little contends that the district court "improperly dismissed [her] case for failure to summon General Dynamics Information Technology."  We assume Little means she properly served General Dynamics (CSRA's parent company) and that her case against it should not have been dismissed for improper service.  But the district court dismissed the complaint as to both General Dynamics and CSRA for failure to state a claim — not for improper service of process.  And in any event, we can affirm the district court's judgment on any ground that finds support in the record.  Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008).  Little's claims against General Dynamics fail for the same reason that her claims against CSRA do:  she has failed to state a claim on which relief can be granted.

**AFFIRMED.**