[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11296

Non-Argument Calendar

_____

ANESH GUPTA,

Plaintiff-Appellant,

*versus*

ATTORNEY GENERAL,
SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR, CITIZENSHIP AND IMMIGRATION SERVICES,
FIELD OFFICE DIRECTOR, ORLANDO FIELD OFFICE, U.S.
CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:10-cv-00279-WWB-LHP

_____

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Anesh Gupta, appearing pro se, appeals the district court's denial of his Federal Rule of Civil Procedure 60 motion to vacate a final order dismissing his suit for declaratory review of the decision of the United States Citizenship and Immigration Services (USCIS) to deny the I-130 "Petition for Alien Relative" filed on Gupta's behalf. Gupta argues that (1) the government failed to disclose applicable law to the district court and (2) the district court erred when it denied his case as moot. After careful review, we find the case is moot and dismiss.

**I.**

In 2002, Gupta's wife submitted an I-130 petition on Gupta's behalf. An adjudicator at USCIS doubted the validity of the marriage and sent a "request for evidence" to establish that the marriage was legitimate. They received no response. On June 5, 2009, USCIS issued a Notice of Intent to Deny to Gupta's wife explaining its doubts about the couple's marriage and gave her thirty days to respond. After his wife failed to respond, USCIS denied the I-130 petition on July 23, 2009. In 2010, Gupta filed a complaint with the district court seeking declaratory review of the decision of the

USCIS denial of his petition. In 2011, the district court stayed the case upon learning that Gupta was subject to immigration removal proceedings. In 2012, Gupta filed a motion for clarification regarding the status of his case and a notice of reopening of the I-130 petition. Attached to that notice was a letter from USCIS to his wife stating that USCIS reopened the petition in response to his wife's claim that she never received any communication from USCIS.

In 2013, the district court re-opened Gupta's case to address his motion for clarification and found that USCIS had issued a new decision that year in which it again denied the I-130 petition. The district court then dismissed Gupta's complaint as moot because Gupta was seeking review of the 2009 decision which had been re-adjudicated and vacated by the subsequent USCIS decisions.

In 2014, Gupta filed a motion to reopen the case alleging that the administrative record included in the government's motion for summary judgment was fabricated because the government removed documents from the record. The district court construed Gupta's motion as a motion requesting relief under Federal Rule of Civil Procedure 60(b) and that it was based on fraud falling under 60(b)(3). Because the motion was filed more than a year after the court dismissed the case, the court found the motion untimely under the one-year time limit imposed under Rule 60(c).

In 2023, Gupta filed a motion to vacate the district court's 2013 final order and to vacate and expunge the denials of the I-130 petition. Gupta alleged that the government misled the court by failing to disclose the relevant precedent, rules, and regulations

concerning I-130 petitions in its motion for summary judgment. Specifically, failing to disclose that 8 C.F.R. § 103.2(b)(8) (2002) governed the adjudication of the I-130 petition and mandated that Gupta be given twelve weeks to respond to a "request for evidence" rather than the thirty-three days Gupta claims he was given to respond. The district court denied Gupta's motion as untimely and dismissed the case as moot. Gupta timely appealed.

## II.

We generally review the denial of a Federal Rule of Civil Procedure 60(b) motion to vacate for an abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008). We also review the denial of a Rule 60(d)(3) motion, to set aside a judgment for fraud on the court, for abuse of discretion. *See Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007).

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment based upon the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and (6) "any other reason that justifies relief." Rule 60(d)(3) states that, notwithstanding Rule 60's other avenues for relief from a judgment, a court has the power to set aside a judgment for fraud on the court.

## III.

Because mootness is jurisdictional, we must dismiss any case that is moot. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir.

24-11296              Opinion of the Court                  5

2001) (per curiam). A "case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id*. (quotation marks omitted).

An exception to the mootness doctrine exists when the issue raised is "capable of being repeated *and* evading review." *Id*. At the same time, we have held that this is a narrow exception that "can be invoked only when (1) there is a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Id*. (quotation marks omitted and alteration adopted). We have further held that a "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Id*.

Because Gupta's lawsuit was brought to review USCIS's July 23, 2009, decision on Gupta's I-130 Petition and that decision was vacated and re-adjudicated, this case is moot. Gupta argues that this case falls under the "capable of being repeated *and* evading review" exception to the mootness rule. But this exception does not apply because Gupta was able to file separate suits seeking review of the subsequent decisions issued by USCIS.[1]

---

[1] Even if this case was not moot, the district court did not abuse its discretion when it construed Gupta's claims as falling under Rule 60(b)(3) and were thus time-barred. *See* Fed. R. Civ. P. 60(c)(1). Nor did it abuse its discretion in concluding that Gupta did not provide clear and convincing evidence of fraud on

We cannot provide Gupta with any relief because the basis of his original complaint, the 2009 denial of his I-130 petition, was re-adjudicated and vacated. Therefore, the case is moot and must be dismissed. *Al Najjar*, 273 F.3d at 1336.

**DISMISSED.**

---

the court as required by Rule 60(d)(3). Failure to disclose the applicable law and fabrication of the administrative record does not amount to the level of fraud required to obtain relief under Rule 60(d)(3). *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).