[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11743
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00315-WTM-GRS

QUEEN E. PARKER,

Plaintiff-Appellant,

versus

ECONOMIC OPPORTUNITY FOR
SAVANNAH-CHATHAM COUNTY AREA, INC.,
JOHN H. FINNEY,
TERRY TOLBERT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 1, 2014)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Queen Parker appeals the grant of summary judgment to her former

employer, Economic Opportunity for Savannah-Chatham County Area, Inc.

("Economic Opportunity"), its executive director John H. Finney, and its deputy director Terry Tolbert, in her lawsuit alleging retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).   Parker argues that: (1) the district court erred by granting summary judgment because there were disputed issues of fact concerning the actions of Economic Opportunity, Finney, and Tolbert; (2) the district court improperly denied her motion for partial summary judgment on liability, because she presented direct evidence that she was terminated for opposing the unlawful actions; and (3) summary judgment on her ADA retaliation claim arising under the participation clause was improper, since Economic Opportunity, Finney, and Tolbert did not specifically move for summary judgment on that claim.  After careful review, we affirm.[1]

We review a grant of summary judgment de novo, construing the facts and drawing all reasonable inferences from those facts in the light most favorable to the nonmovant.   Holly v. Clairson Indus., L.C.C., 492 F.3d 1247, 1255 (11th Cir. 2007).   A party may move for summary judgment, "identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought."   Fed.R.Civ.P. 56(a).   Summary judgment is appropriate only "if the

---

[1] However, the motion by Economic Opportunity for Savannah-Chatham County Area, Inc., John H. Finney, and Terry Tolbert for an award of damages and costs pursuant to 28 U.S.C. §§ 1912 and 1927, and Federal Rule of Appellate Procedure 38 is DENIED.

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.

First, we are unpersuaded by Parker's claim that the district court erred in granting summary judgment on her retaliation claim under the Opposition Clause of the ADA. The Opposition Clause provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by" the Act. 42 U.S.C. § 12203(a). It creates a prohibition on retaliation under the ADA similar to Title VII's prohibition on retaliation; therefore, we assess ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII. Stewart v. Happy Herman's Cheshire Bridge, 117 F.3d 1278, 1287 (11th Cir. 1997). A claim of retaliation under the ADA gives rise to a private cause of action. 42 U.S.C. §§ 12203(c).

To establish a prima facie case of retaliation under the ADA, a plaintiff must show that: (1) she engaged in a statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the adverse action and her protected expression. Stewart, 117 F.3d at 1287. A plaintiff may establish her prima facie case through direct evidence or circumstantial evidence. Carter v. Three Springs Res. Treatment, 132 F.3d 635, 641 (11th Cir. 1998). At issue here is whether Parker established the first prong of her prima facie case -- which a plaintiff can demonstrate by showing that she reasonably believed she was

3

opposing an employer's unlawful conduct.  Howard v. Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010).  While the opposed act need not actually be unlawful, a plaintiff must have a subjective good faith belief that the opposed act is unlawful, and this belief must also be objectively reasonable.  Id.

Parker's retaliation claim implicates Title III of the ADA, which seeks to provide individuals with disabilities access to public accommodations owned, leased, or operated by private entities.  See 42 U.S.C. § 12182(a).  Under Title III, a public accommodation "shall remove architectural barriers in existing facilities . . . where such removal is readily achievable."  28 C.F.R. § 36.304(a).  This may include creating designated accessible parking spaces.  Id. § 36.304(b)(18).

Here, the district court properly granted summary judgment in favor of Economic Opportunity because Parker did not establish that she was engaged in a statutorily protected expression.  First, it was not unlawful for Economic Employment to refuse to enforce parking in a handicapped parking space located on a public city street because  Economic Opportunity satisfied the requirements of Title III of the ADA by having a handicapped parking space available in its private lot.  See id.

Second, Parker failed to show a reasonable belief that the actions of Economic Opportunity, Finney, and Tolbert were unlawful under the ADA. Assuming, arguendo, that Parker's belief was subjectively reasonable, she did not

4

demonstrate that it was objectively reasonable.  The subject handicapped parking spaces were located on a public street, and the police department was responsible for enforcement of handicapped parking rules in public parking spaces.  Moreover, Parker actually called the police to enforce the parking rules with respect to the subject handicapped space.  Thus, it was not objectively reasonable to believe that Economic Opportunity, Finney, and Tolbert were required to direct an employee to move her car from a public parking spot for a violation of parking regulations.

Nor did the district court err in granting summary judgment on Parker's retaliation claim under the Participation Clause of the ADA.  Under the Participation Clause, an employee is protected from retaliation by her employer if she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" the Act.  42 U.S.C. § 12203(a).  With respect to the identical clause found in Title VII, we have held that the clause exists to protect proceedings and activities which occur in conjunction with or after the filing of a formal charge with the Equal Employment Opportunity Commission ("EEOC").  EEOC v. Total Sys. Servs., 221 F.3d 1171, 1174 (11th Cir. 2000).  Thus, at a minimum, some employee must file a charge with the EEOC or otherwise instigate proceedings under the statute for the conduct to fall within the purview of the participation clause.  Id. at 1174 n.2.

Here, Parker's complaint did not allege a claim under the participation clause of the ADA.  Parker did not aver that, prior to her termination, she filed a claim with the EEOC regarding discrimination in violation of the ADA or assisted in the investigation of another employee's formal ADA claim.  To the extent that Parker alleged that she was assisting the police department with an investigation related to the illegal use of the handicapped parking space, this investigation related to parking regulations, and not ADA violations.  But assuming, arguendo, that Parker did allege a participation clause claim, Economic Opportunity, Finney, and Tolbert moved for summary judgment on all claims and made arguments addressing each of the allegations in the complaint.  Accordingly, the district court properly granted summary judgment in their favor on all claims.[2]

**AFFIRMED**.

---

[2] Moreover, because Parker only cites the language of §12203(b) in her main brief, with no further elaboration, she has abandoned this argument.  See Singh v. United States AG, 561 F.3d 1275, 1278 (11th Cir. 2009) (holding that merely stating an issue exists, without further argument or discussion, constitutes abandonment of that issue).  To the extent she attempts to delineate the claim in her reply brief, issues raised for the first time on reply are not reviewed.  See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008).