[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14426
Non-Argument Calendar

_____

D.C. Docket No. 2:20-cv-14367-DMM


ROBERT ALLEN AUSTIN,

Plaintiff-Appellant,

versus

JUDGE,
JUDGE,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2021)

Before WILSON, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Austin, proceeding *pro se*, appeals the district court's *sua sponte*

dismissal with prejudice of his civil rights complaint as patently frivolous because

the appellees, two state court judges ("the judges"), were entitled to absolute judicial immunity from suit. The judges have moved for summary affirmance and to stay the briefing schedule. On appeal, Austin argues that the district court erred by dismissing his complaint because the judges lacked jurisdiction over his state court child support proceedings that they presided over.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] An action is frivolous if it is without arguable merit in law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

*Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We may affirm on any ground supported by the record. *Big Top Koolers, Inc. v. Circu-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008).

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

We generally review *de novo* the dismissal of a complaint with prejudice for failure to state a claim. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). We accept the factual allegations as true and construe them in the light most favorable to the plaintiff, but the complaint must state a plausible claim for relief on its face. *Id.* Exhibits to a complaint are part of the complaint for all purposes. Fed. R. Civ. P. 10(c).

We review a district court's *sua sponte* dismissal for abuse of discretion. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1335 (11th Cir. 2011). A district court abuses its discretion when it dismisses a complaint *sua sponte* without giving the plaintiff notice or an opportunity to respond, "unless amendment would be futile or the complaint is patently frivolous." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Judges enjoy absolute judicial immunity when they act in their judicial capacity as long as they do not act "in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation marks omitted). A judge acts in his or her judicial capacity by performing normal judicial functions, in chambers or open court, in cases pending before the judge. *Id.* In *Sibley*, the petitioner brought a civil rights action against the state court judges who imprisoned him due to his failure to pay child support as ordered. *Id.* at 1069-70. The district court dismissed Sibley's complaint for failure to state a viable claim on the ground

that the state court judges were entitled to absolute judicial immunity and, on appeal, we affirmed. *Id.* at 1069, 1071.

We grant the judges' motion for summary affirmance because there is no substantial question that the judges were entitled to absolute judicial immunity from civil suit. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Although the district court appeared to base its dismissal of Austin's complaint on frivolity, it also mentioned its authority to dismiss the complaint for failure to state a viable claim, and we may affirm on any ground supported by the record. *See Big Top Koolers*, 528 F.3d at 844. And here, the district court properly dismissed Austin's complaint *sua sponte* because he failed to state a viable claim for relief. *See Almanza*, 851 F.3d at 1066.

Austin's claims attacked the judges' entry of orders in his state child support proceedings, and there is no dispute that such actions constitute normal judicial functions. *See Sibley*, 437 F.3d at 1070. Moreover, the exhibits attached to Austin's complaint indicate that the judges were assigned to preside over his child support proceedings, and nothing in those exhibits or the complaint support a plausible finding that they were acting "in the clear absence of all jurisdiction." *See id.*; Fed. R. Civ. P. 10(c). Thus, the judges were entitled to absolute judicial immunity for their actions in that proceeding, and any claim Austin could have made otherwise would have been without arguable merit. *See Sibley*, 437 F.3d at 1070.; *Napier*, 314 F.3d at 531. For that reason, the district court properly determined that Austin's

4

complaint was patently frivolous and that *sua sponte* dismissal was thus appropriate. *See Surtain*, 789 F.3d 1239, 1248; *Napier*, 314 F.3d at 531.

In sum, because there is no substantial question that the district court properly dismissed Austin's complaint, and did not abuse its discretion by *sua sponte* dismissing it with prejudice, we GRANT the judges' motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, we DENY AS MOOT the accompanying motion to stay the briefing schedule.