[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12962

Non-Argument Calendar

_____

BRENDA BELLAY,

                                                    Plaintiff-Appellant,

*versus*

OFFICER TYLER SHUE,
individually,
CITY OF TAMPA,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

2                    Opinion of the Court                    22-12962

D.C. Docket No. 8:19-cv-00206-WFJ-JSS

_____

Before JORDAN, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Brenda Bellay sued the City of Tampa, Florida, and Officer Tyler Shue of the Tampa Police Department for, among other things, false arrest, battery, and excessive force under 42 U.S.C. § 1983 and state law.  Although Bellay's case survived a motion to dismiss and motion for summary judgment, it was not ultimately decided on the merits.  Instead, the district court dismissed the case with prejudice as a sanction for spoliation of evidence and false testimony.

On the weekend before the trial was set to start, Bellay's counsel informed the defense that Bellay—the only party to have recorded the incident giving rise to her claims—had produced a new, sixth video clip.  Finding the video suspicious, the district court granted the defendants' motion for a mistrial, discharged the jury, and permitted discovery into the provenance of the videos provided by Bellay.  Following discovery, briefing, expert testimony, and an evidentiary hearing, the court entered an order, detailing the issues with the videos' reliability.  The court found Bellay "engaged in a clear pattern of willful contempt by tampering with critical evidence, thereby impairing the [c]ourt's prior summary judgment ruling and prejudicing the defense."

Bellay completely fails to address the bases for the dismissal sanction in her initial brief, focusing entirely on the merits of her claims. "We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). At most, Bellay notes the sanction dismissal in the "Statement of the Case" section, and she asserts in the first sentence of the "Summary of Argument" section that the court "erred in determining that the claim should be dismissed due to spoilation of the evidence." These passing references are not enough to raise the issue. *See id.* at 681-82.

Bellay made some arguments about the sanction for the first time in her reply brief after the appellees pointed out the abandonment in their response brief. But Bellay's arguments come too late as we will not generally consider arguments raised for the first time in a reply brief. *Id.* at 682-83; *accord Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008).

Bellay has abandoned any argument about the basis for the district court's dismissal of her case, so the district court's judgment is due to be affirmed. *See Sapuppo*, 739 F.3d at 683; *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

**AFFIRMED**.