[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14155

Non-Argument Calendar

_____

JULIO JUAN GARCIA,

Plaintiff-Appellant,

*versus*

ASHLEY MOODY,
Attorney General, State of Florida, in official
and individual capacities,
MIAMI-DADE CORRECTIONS AND REHAB
DEPARTMENT,
in official and individual capacities,
O EGINS,
MDCR-Corrections Medical Health Services
Chief/Director, in official and individual capacities,
JACKSON HEALTH SYSTEM CORRECTIONS WARD,

2                    Opinion of the Court                    22-14155

John/Jane Doe, in official and individual capacities,
DANIELLA LEVINE CAVA,
Miami-Dade County Mayor, in official and
individual capacities, et al.,

                                          Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22377-WPD

————————————————

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Julio Juan Garcia appeals the dismissal without prejudice of his 42 U.S.C. § 1983 civil-rights case, alleging inadequate or delayed medical treatment for injuries he suffered in an altercation with police officers in October 2020.  After careful review, we affirm.

**I.**

Garcia filed a *pro se* civil-rights action under § 1983 arising out of an incident on October 20, 2020.  On that date, according to

the complaint,[1] plainclothes narcotics officers with the Miami-Dade Police Department entered an apartment with guns drawn and without identifying themselves as police.  Garcia woke up in the apartment and believed he was under attack, and he was shot and returned fire.  The officers retreated, and Garcia called 911 before passing out from blood loss.  When he awoke hours later, he called 911 again and learned that officers were outside.  Upon entering, the officers beat, kicked, and pistol-whipped him into unconsciousness.  He woke up in a hospital, having suffered fractured ribs, a fractured femur, and a lacerated spleen, and he underwent extensive major surgery.

After his discharge from the hospital on October 26, Garcia was sent to the Miami-Dade County Jail without prescribed medications and medical supplies.  He was dragged into the jail.  The jail took three hours to give him a wheelchair and three days to assign him a bed.  He was denied bond and detained pretrial.  During his detention, the jail delayed or denied medical and dental care, including by failing to timely provide physical therapy or medical supplies, such as a rib brace or a cane.

Based on these facts, Garcia raised constitutional claims against five defendants in their individual and official capacities.  He alleged that the Florida Attorney General, the Miami-Dade County Mayor, and an unnamed Miami-Dade County Commissioner, by virtue of their supervisory roles, were "legally responsible" for false

---

[1] We recite the background as alleged in the complaint.  The actual facts may or may not be as alleged.

arrest, false imprisonment, unreasonable search and seizure, ex post facto violations relating to his bond and Florida's "stand your ground" immunity, and cruel and unusual punishment. He also alleged claims of deliberate indifference to his medical needs against the unnamed director of the hospital's corrections ward and the unnamed director of patient care for the jail, claiming that these defendants, again due to their positions of authority, were liable for deficiencies in his medical care.

The district court *sua sponte* screened the complaint and dismissed it as a "shotgun pleading." The court explained that Garcia failed to allege any facts showing that the defendants took any actions or were aware of alleged violations of Garcia's constitutional rights. The court also noted that Garcia's allegations of unreasonable search and seizure were the subject of a separate lawsuit, and so were "irrelevant" to his allegations of deficient medical care. The court granted leave to amend and provided specific instructions on filing an amended complaint.

Garcia filed an amended complaint, adding another unnamed supervisory official and naming the County Commissioner, but otherwise restating essentially the same factual allegations and theories of liability. After screening the amendments, the district court dismissed the case without prejudice for failure to state a claim. The court found that Garcia failed to properly identify certain jail and hospital defendants and otherwise failed to state a plausible claim under § 1983, since none of the defendants were

personally involved in the alleged conduct and there was no basis for supervisory liability. Garcia appeals.

## II.

We review *de novo* a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), applying the same standards as a dismissal under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A plaintiff states a claim to relief where the complaint's factual allegations, accepted as true, make it facially plausible that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We may affirm the judgment on any ground supported by the record. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008).

We liberally construe the filings of *pro se* parties. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

On appeal, Garcia maintains that the district court should have permitted his claims to go forward against the medical defendants for deliberate indifference to his medical needs, or at least permitted another chance at amending these claims. But he does not dispute the court's conclusion that his claims based on the search and seizure on October 20 were the subject of another civil-rights case and so were not properly raised in this one. As a result, we deem any appeal of these latter claims abandoned. *See id.*

For the remaining claims, Garcia seeks to hold the medical defendants liable as supervisors for their subordinates' failure to

provide constitutionally adequate medical care. To do so, he must satisfy an "extremely rigorous" standard. *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 957 (11th Cir. 2019).

"Supervisory officials cannot be held liable under § 1983 for unconstitutional acts by their subordinates based on respondeat-superior or vicarious-liability principles." *Id.* Rather, the plaintiff must show either (a) the supervisor's personal participation in the alleged unconstitutional conduct or (b) a causal connection be-tween the supervisor's actions and the alleged constitutional depri-vation. *Id.* A plaintiff can establish a causal connection by showing that "a supervisor's policy or custom," or the absence of a policy, "resulted in deliberate indifference to constitutional rights." *Id.* (quotation marks omitted). But that ordinarily requires pointing to "[a] pattern of similar constitutional violations" from which de-liberate indifference can be inferred. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (quotation marks omitted). Isolated in-cidents are insufficient. *Piazza*, 923 F.3d at 957.

Here, the district court did not err in dismissing Garcia's de-liberate-indifference claims without prejudice. Garcia did not al-lege that the defendants personally participated in the alleged un-constitutional conduct, and his allegations do not plausibly support a "causal connection" between their conduct and the alleged con-stitutional deprivation. *See Piazza*, 923 F.3d at 957. Apart from his own experiences, he does not identify other similar instances of de-ficient medical care at the county jail, "nor does he allege any facts

indicating that [the medical defendants] were on notice of [their subordinates'] alleged deliberate indifference." *Id.* at 958.

"Because [Garcia's] complaint contains only conclusory assertions that [hospital and jail employees] were indifferent to [his] needs," without alleging facts showing that a custom or policy caused that indifference, "he has not stated a claim for supervisory liability for deliberate indifference to serious medical needs." *Id.* Accordingly, we affirm the dismissal without prejudice of these claims. Because we affirm on this alternative ground, we need not resolve whether Garcia adequately identified the defendants for these claims. *See Big Top Koolers*, 528 F.3d at 844.

Finally, the district court did not abuse its discretion by failing to grant leave to amend. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("We review a district court's decision to deny leave to amend for abuse of discretion."). The court dismissed the complaint after giving Garcia notice of the defects in his original complaint and a chance to fix those deficiencies. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295–96 (11th Cir. 2018) (mandating at least one chance to cure a shotgun pleading). Our precedent does not necessarily require a second chance to amend, even for a *pro se* party. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (explaining that a *pro se* party "must be given at least one chance to amend" (emphasis omitted)). Nor does our review of the record suggest that Garcia could establish a claim of supervisory liability under § 1983 through a more carefully drafted complaint. *See id.* We also note that the

district court dismissed the claims without prejudice, meaning Garcia is not prohibited from amending and refiling his claims.

For these reasons, we **AFFIRM** the dismissal of Garcia's amended complaint without prejudice. Garcia's "Motion for Unsupported Findings Regarding Due Process Violation," which concerns his request for a transcript not relevant to this appeal, is **DENIED** as moot.