**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10694
Non-Argument Calendar
_____

ELIEZER TAVERAS,

                                                     *Plaintiff-Appellant,*

*versus*

FLORIDA DEPARTMENT OF TRANSPORTATION,
SECRETARY, FLORIDA DEPARTMENT OF
TRANSPORTATION,
YULEXIS LLUVET,
ALLIED PROPERTY GROUP, INC.,

                                                     *Defendants-Appellees,*

ALPINE TOWING, INC., et al.,

                                                     *Defendants.*

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-23745-RNS

———————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Eliezer Taveras appeals from the district court's orders dismissing his second amended complaint and denying his motion to vacate the judgment against him. He argues that the district court erroneously dismissed his second amended complaint despite his well-pleaded claims under 42 U.S.C. § 1983 and the Fair Debt Collection Practices Act ("FDCPA"). He next argues that the district court abused its discretion by denying him leave to file a third amended complaint. Lastly, he asserts that the district court mischaracterized his motion to vacate as a motion for reconsideration and failed to address the substance of the fraud allegations contained in the motion. We affirm.

**I**

First, the merits. Taveras appeals the dismissal of his claims brought under 42 U.S.C. § 1983 and the FDCPA, a decision we review de novo. *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1274–75 (11th Cir. 2018). Even under the lenient standards afforded pro se litigants, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), Taveras failed to properly raise his objections below and on appeal. Accordingly, we affirm the district court's order.

Under Eleventh Circuit Local Rule 3-1, a party who "fail[ed] to object to a magistrate judge's findings or recommendations contained in a report and recommendation" may not challenge those recommendations on appeal "if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1. But there's one escape hatch—if it's "necessary in the interests of justice," the appellate court "may review [the objections] on appeal for plain error." *Id.*

If the appellant fails to properly challenge one of the grounds for the district court's judgment on appeal, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). An appellant abandons a claim when, for example, he: (a) "makes only passing reference to it," (b) "raises it in a perfunctory manner without supporting arguments and authority," (c) refers to it only in the "statement of the case" or "summary of the argument," (d) refers to the issue as mere background to his main argument, or (e) raises it for the first time in his reply brief. *Id.* at 681–83.

Here, the district court did not err in dismissing Taveras's second amended complaint. First, Taveras's objections to the magistrate judge's report and recommendation were untimely, so he waived the right to challenge the district court's order based on the unobjected-to grounds articulated therein. Second, he voluntarily dismissed his appeal as to two parties and failed to substantively address in his opening brief the district court's grounds for

4                    Opinion of the Court                    25-10694

dismissing his claims against the remaining parties. These claims are now abandoned on appeal. Therefore, because he has not "conform[ed] to [our] procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002), there are no remaining grounds for appeal.

## II

We review the district court's denial of leave to amend a complaint for abuse of discretion, *Newton*, 895 F.3d at 1275, and review "the underlying legal conclusion of whether a particular amendment to the complaint would be futile" do novo, *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999).

Federal Rule of Civil Procedure 15(a) provides that—except for two circumstances where a party can amend its complaint as a matter of course—"a party may amend its pleading only with the opposing party's written consent or the court's leave" where justice so requires. Fed. R. Civ. P. 15(a)(2). We have held that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004).

Here, the district court did not abuse its discretion by dismissing Taveras's complaint without granting him leave to file a third amended complaint. Taveras was given two opportunities to cure the deficiencies in his initial complaint, and neither of his amended complaints did so. Additionally, leave to amend would prejudice the defendants because Taveras indicated that, if given

leave to file a third amended complaint, he intended to include new claims against the parties.

### III

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008). The district court abuses its discretion when it "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citation modified). "[T]o overturn the district court's denial of [a Rule 60(b) motion], it is not enough that a grant of the motions might have been permissible or warranted; rather, the decision to deny the motions must have been sufficiently unwarranted as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Rule 60(b) allows a party to seek relief or reopen his case based on the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been discharged; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion filed under Rule 60(b) must be filed "within a reasonable time," which, for subsections (1), (2), and (3), is "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Rule 60(d) provides that the rule "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "[A] movant who seeks relief under [Rule 60(d)(3)] must establish 'fraud on the court' by clear and convincing evidence." *Mills v. Comm'r, Ala. Dep't of Corr.*, 102 F.4th 1235, 1239 (11th Cir. 2024) (citation modified). This is a "demanding" standard whereby "[t]he movant must establish that the alleged fraud is 'highly probable.'" *Id.* at 1240 (citation and quotation marks omitted). Fraud on the court "embraces only that species of fraud that officers of the court perpetrate against the judicial machinery and that defiles the court itself." *Id.* (citation modified). There is no time limit for setting aside a judgment under Rule 60(d)(3). *Id.* at 1239.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation modified). But pro se litigants must still comply with our circuit's procedural requirements. *Loren*, 309 F.3d at 1304. Federal courts often look beyond the label a pro se party applies to his motion and instead determine whether the motion is, in effect, cognizable under a different statutory framework. *See, e.g.*, *Castro v. United States*, 540 U.S. 375, 381–82 (2003).

Here, the district court did not abuse its discretion by denying Taveras's motion to set aside the judgment. First, the district court did not misconstrue his Rule 60(d) motion as a Rule 59(e) motion; Taveras moved to set aside the court's judgment under

Rule 60(b)(1), (2), (3), and (6), and the district court analyzed his motion accordingly. Second, Taveras failed to establish how his allegations of fraud and misrepresentation would impact the court's ultimate dismissal on the grounds of Eleventh Amendment immunity, duplicative claims, and failure to state a claim for injunctive relief. Therefore, Taveras failed to show that the district court erred.

**AFFIRMED.**